# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1353-STE |
| ) | |
| FRANK BISIGNANO, ) | |
| Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

## MEMORANDUM OPINION AND ORDER

John R.[2] (Plaintiff), brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1]  Frank Bisignano became the Commissioner of Social Security Administration on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The Court refers to Plaintiff by first name and last initial only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

I.    **PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 17-33). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

II.    **THE ADMINISTRATIVE DECISION**

The ALJ followed the five-step sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 27, 2021, the alleged onset date. (TR. 19). At step two, the ALJ determined Plaintiff suffered the following "severe" impairments: degenerative disc disease of the lumbar spine; degenerative joint disease status post tear of the left shoulder; essential tremors; major depressive disorder; generalized anxiety disorder; autism spectrum disorder; attention deficit hyperactivity disorder (ADHD). (TR. 20). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: he is limited to no exposure to commercial driving; no exposure to

> unprotected heights or moving machinery; he can perform frequent overhead, front, and lateral reaching with the left, non-dominant upper extremity, and frequent handling and fingering with the bilateral upper extremities; he is able to understand and remember detailed but not complex instructions; he can carry out simple instructions with no production rate pace requirement (such as assembly line work); and he can have occasional interaction with the public, supervisors, and co-workers.

(TR. 24).

With this RFC, the ALJ determined that Plaintiff was unable to perform his past relevant work. (TR. 30). As a result, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 75-79). Given the limitations, the VE identified three unskilled jobs from the Dictionary of Occupational Titles that Plaintiff could perform. (TR. 76-78). The ALJ then adopted the VE's testimony and concluded, at step five, that that Plaintiff was not disabled based on his ability to perform the identified jobs. (TR. 32).

### III.    ISSUE PRESENTED

On appeal, Plaintiff alleges the ALJ committed legal error by adopting the opinions of two State Agency psychologists and thereafter failing to include limitations found by them in the RFC. (ECF No. 12:12-19).

### IV.    STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard,

a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.   NO ERROR IN THE RFC

At step two, the ALJ determined that Plaintiff suffered from severe impairments involving major depressive disorder; generalized anxiety disorder; autism spectrum disorder; attention deficit hyperactivity disorder (ADHD). (TR. 22). Thus, pursuant to the Social Security regulations, the ALJ was required to rate the degree of Plaintiff's functional limitations in four broad functional areas which included Plaintiff's abilities to: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage himself—the so-called "B" criteria. 20 C.F.R. §§ 404.1520a(c)(3) & 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(C). In each area, the possible ratings are none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). Ultimately, the ALJ determined that Plaintiff had a

"mild" limitation in his ability to understand, remember, or apply information; and a "moderate" limitation in his ability to interact with others; concentrate, persist, or maintain pace; and adapt or manage himself. *See* TR. 23-24. In doing so, the ALJ relied on the opinions of State Agency psychologists David Cooley and Ryan Jones who made similar findings on April 5, 2023 and August 22, 2023, respectively. *See* TR. 23-24, 117, 127, 140, 154,

In making their findings, Drs. Cooley and Jones were asked to rate Plaintiff's limitations in each of the aforementioned functional areas. *See* TR. 121, 122, 131, 132, 147, 148, 161, 162. In doing so, each psychologist rated Plaintiff "moderately" limited in his ability to: (1) understand, remember, and to carry out detailed instructions and (2) adapt to changes in the work setting. *See* TR. 121, 122, 131, 132, 147, 148, 161, 162. By way of explanation Drs. Cooley and Jones stated:

> Clmt is able to perform simple and detailed tasks with routine supervision and make related judgments. Claimant can focus and maintain concentration for 2 hours and can persist for an 8 hour workday. Due to periodic uncontrolled psychological symptoms, Clmt will be unable to maintain concentration for complex tasks and will experience some lapses on some detailed tasks that require sustained attention. Clmt is able to interact appropriately with coworkers and supervisors. Clmt is able to interact appropriately for occasional public contact. Clmt is able to adapt to a work setting and some changes in work settings.

(TR. 122-123, 132-133, 148, 162).

Plaintiff takes issue with the aforementioned findings, arguing that although the ALJ adopted the opinions of Drs. Cooley and Jones, the RFC failed to account for "moderate" limitations found by both physicians. (ECF No. 12:12-19). Indeed, in

explaining their findings of "moderate" limitations in the areas involving Plaintiff's ability to concentrate; persistence and pace; and ability to adapt or manage himself, both psychologists opined that: (1) "Due to periodic uncontrolled psychological symptoms, [Plaintiff] will be unable to maintain concentration for complex tasks and will experience some lapses on some detailed tasks that require sustained attention" and (2) "[Plaintiff] is able to adapt to . . . some changes in work settings." (TR. 122-123, 132-133, 148, 162). Plaintiff argues that an unexplained inconsistency exists between those opinions, which the ALJ found persuasive, and the RFC which found that Plaintiff could understand and remember detailed but not complex instructions; carry out simple instructions with no production rate pace requirement; and adapt to a work setting and some changes in work settings. (ECF No. 12:12-15). The Court rejects Plaintiff's argument and affirms the Commissioner's decision.

### A. Plaintiff's Concentration Lapses

As stated, both agency psychologists found that Plaintiff would be unable to maintain concentration for complex tasks and would experience "some lapses on some detailed tasks that require sustained attention." *See supra*. Plaintiff argues that an inconsistency exists between the ALJ deeming these opinions "persuasive," and an absence of related limitations in the RFC. (ECF 12:13-15). According to Plaintiff, the RFC which allowed him to "understand and remember detailed but not complex instructions" failed to account for his "lapses on some detailed tasks that require sustained attention." (ECF No. 12:14-15). In defense, the Commissioner argues: (1) findings of moderate

limitations at step three do not necessarily mandate corresponding limitations in the RFC and (2) the ALJ's reliance on "unskilled" work at step five renders any error in this regard harmless. (ECF No. 19:6-9). The Commissioner is correct.

The Tenth Circuit Court of Appeals has held that an "ALJ's finding of a moderate limitation . . . does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015). In *Vigil*, there existed evidence that the plaintiff suffered from "moderate" limitations in the area of concentration, persistence, and pace. *Id.* The ALJ accommodated for these findings by: (1) stating, in the RFC, that the plaintiff "could not be expected to perform complex tasks" and (2) limiting the plaintiff to unskilled work. *Id.* The plaintiff challenged these findings, arguing that the ALJ failed to adequately account for his memory and concentration deficits in determining his RFC. *Id.* Ultimately, the Court concluded that "the ALJ accounted for [the plaintiff's] moderate concentration, persistence, and pace problems in his RFC assessment by limiting him to unskilled work." *Id.* at 1204.

In reaching this conclusion, the Court recognized that "there may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations." *Id.* But here, where the RFC found that Plaintiff could: (1) understand and remember detailed but not complex instructions and (2) carry out simple instructions, the Court should find that the RFC limitations adequately accounted for Plaintiff's moderate limitations. *See Lager v. Comm'r, SSA*, 2023 WL 6307490, at *2 (10th Cir. 2023) (finding the ALJ's RFC limiting the plaintiff to "simple work-related judgments and decisions" and

"only short and simple instructions" accounted for moderate limitations in concentration, persistence, and pace); *Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) ("Unskilled work does not require . . . the ability to maintain attention and concentration for extended periods, an area in which Dr. Tabor noted a moderate limitation."); *S.R.T. v. Commissioner of Social Security*, 2025 WL 509268, at *5 (D. Colo. Feb. 14, 2025) (finding that "by limiting the complexity of instructions that Plaintiff is required to understand, remember, and carry out—thereby limiting the difficulty of the instructions Plaintiff must concentrate on, persist through, and maintain pace with . . . the ALJ adequately accounted for Plaintiff's [moderate] limitation in concentration, persistence, and pace). Thus, in these circumstances, as in *Vigil*, the ALJ's reliance on unskilled work at step five, based on an RFC which adequately accounted for the "moderate" limitations in Plaintiff's ability to concentrate, was sufficient.

In sum, the Court finds that the RFC adequately accounted for the limitations from Drs. Cooley and Jones regarding Plaintiff's "lapses on some detailed tasks that require sustained attention" through the limitations set forth in the RFC and the reliance on unskilled work at step five.

  **B.**  **Plaintiff's Adaptation to Work**

As discussed, Drs. Cooley and Jones also found that Plaintiff was able to "adapt to a work setting and some changes in work settings." *See supra*. The ALJ found these opinions "persuasive," and: (1) at step three concluded that Plaintiff had "moderate" difficulties in his ability to adapt or manage himself and (2) at step four, in the RFC,

concluded that Plaintiff could "carry out simple instructions with no production rate pace requirement (such as assembly line work); [and] have occasional interaction with the public, supervisors, and co-workers." (TR. 24). According to Plaintiff, the RFC failed to account for the "moderate" limitations in his ability to adapt which the ALJ found at step three. (ECF No. 12:17-19); see (ECF No. 12:19) ("To be clear, [Plaintiff] does not contend that the ALJ's Step Three findings must be duplicated explicitly or exactly in the RFC[,] but [t]he error [alleged] is the failure to explain how the limitations mentioned at Step Three were accounted for in the RFC when it is not obvious from the limitations themselves.").

In support, Plaintiff relies on primarily on *Gunning v. Kijakazi*, No. CIV-21-195-P, 2021 WL 5496080 (W.D. Okla. Nov. 23, 2021), to support his position. There, the ALJ determined at step two that the plaintiff suffered from a severe mental impairment of depression. *Id.* at *1. At step three, the ALJ relied solely on the plaintiff's ability to maintain self-hygiene and take care of pets to find that he had a moderate limitation in the ability to adapt or manage oneself. *Id.* at *3. Yet the ALJ also found persuasive a physician's opinion that the plaintiff had and "impaired ability to adapt to a work setting." *Id.* This Court reversed and remanded the ALJ's decision because he failed to address whether or how the RFC accounted for a moderate limitation in the ability to adapt to a work setting. *Id.* at *3-4.

By contrast, here, the ALJ addressed relevant bases for Plaintiff's moderate adaptability limitation at step three and considered the limitation in assessing the RFC. At step three, the ALJ explained:

> As for adapting or managing oneself, the claimant has experienced a moderate limitation. He reported issues attending to his personal care/hygiene, difficulties being around people, problems getting along with others, as well as difficulties handling stress and changes in routine. However, the record indicates claimant is able to live alone, manage his personal care, fix his own meals, complete household chores, travel independently by driving, shop in stores, attend and follow the course of medical appointments, and engage with family and treating providers.

(TR. 24) (internal citations omitted).

And, at step four, in explaining the RFC, the ALJ stated:

> Overall, the medical record does not establish objective findings or the level of treatment to support disability. The residual functional capacity determined in this decision . . . accounts for mental limitations by limiting the claimant to work involving some detailed but not complex instructions, no production rate pace, and only occasional interaction with supervisors, coworkers and the public.

*Id.* at 28 (citations omitted). Thus, unlike *Gunning*, the ALJ's bases for this limitation directly relate to the ultimate RFC restrictions. Finally, and contrary to Plaintiff's assertions, not only did the ALJ account for his moderate limitation, he also specifically explained the connection between the moderate limitation and the RFC. And the restrictions in the RFC adequately accounted for the limitations the ALJ found. *See Owens v. O'Malley*, No. CIV0230669-PRW, 2024 WL 2830500, at *2 (W.D. Okla. June 4, 2024) (rejecting a similar challenge, concluding that an opinion which found that a claimant was able to "adapt to a work setting and some changes in work settings" and a step three

finding that the plaintiff had a "moderate" limitation in the area of adaptation were properly reflected in an RFC which limited the claimant to work settings without fast pace or high production quotas and precluded her from public-facing positions).

In sum, the Court rejects Plaintiff's contention that the RFC failed to account for his moderate limitations in the area of adaptation.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on June 30, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE